(76 South. 4)

W. S. BROWN MERCANTILE CO., Inc. v. YIELDING BROS. DEPARTMENT STORE, Inc. (6 Div. 590.)

(Supreme Court of Alabama. May 17, 1917.)

1. CHATTEL MORTGAGES ⬤⟹83—RECORDATION —NOTICE—STATUTE—REPEAL.

Code 1907, § 3373, under which the recording of a mortgage on a crop of cotton operates as notice of the contents thereof, is not repealed by Uniform Warehouse Receipts Act (Acts 1915, p. 661) § 41, providing that a person to whom a negotiable receipt has been duly negotiated acquires such title as the person negotiating had, or had ability to convey to a purchaser in good faith for value, and such title as the depositor or person to whose order the goods were to be delivered by the terms of the receipt had or had ability to convey to a purchaser in good faith for value, and the direct obligation of the warehouseman to hold possession for him according to the terms of the receipt.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 150.]

2. STATUTES ⬤⟹158 — REPEALS BY IMPLICATION.

Repeals by implication are not favored.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228.]

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Suit by the Yielding Bros. Department Store, Incorporated, against W. S. Brown Mercantile Company, Incorporated. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint upon which this suit is based is as follows:

"Plaintiff claims of defendant the sum of $1,050 damages, for that heretofore, on the 15th day of January, 1916, one J. E. Franklin, who was at and prior to said time a tenant of land in Jefferson county, Ala., on which said crop was to be raised, gave to Yielding Bros. Department Store, Incorporated, a mortgage covering, among other things, his crop of cotton to be raised for that year on said land. Said mortgage was filed for record and recorded in the office of the judge of probate of Jefferson county, Ala., on, to wit, the 15th day of January, A. D. 1916; that the said J. E. Franklin raised cotton which was covered by said mortgage during said year. and deposited said cotton in the warehouse of the Warrant Warehouse Company, a warehouse company doing business of a public warehouseman in the city of Birmingham, Jefferson county, Ala., and procured from said warehouse a receipt therefor, a copy of which said receipt is hereto attached, and made a part hereof, marked Exhibit A; that on, to wit, the 23d day of October, 1916, the said J. E. Franklin sold and transferred said receipt to the W. S. Brown

Mercantile Company and received therefor, in full, the cash value of the said cotton, and that the said W. S. Brown Mercantile Company has since said time sold said cotton; that the said W. S. Brown Mercantile Company so purchased in good faith and paid in full for said cotton without any actual knowledge of the said mortgage, or lien, and without any notice thereof, except such notice as is imputed to it under the law, if any, by the recordation of the said mortgage in question; that plaintiff's mortgage is due and unpaid, and said action of the W. S. Brown Mercantile Company was the conversion of said cotton in violation of the rights of plaintiff, and the plaintiff is entitled to recover on account thereof the said sum of $1,050; hence this suit."

Receipt No. Y. C. 154 of the Warrant Warehouse Company is as follows:

"Date, Oct. 23, 1916. Receipt No. Y. C. 154. Warrant Warehouse Company received of J. E. Franklin, at Birmingham, Ala., stored in its warehouse in Birmingham, Ala, in apparent good order (except as noted hereon), twelve bales of cotton to be delivered to bearer upon payment of charges, and advances shown, and upon surrender of this receipt, except that the company assumes no risk for loss or damage from fire or from natural causes beyond its control.

"Marks.        Numbers.        Charges.
"Warrant Warehouse Company,
"By W. G. Bullars, Asst. Custodian."

The following demurrers were assigned: (1) The complaint shows no cause of action against this defendant; (2) the alleged conversion is a conclusion not supported by the facts; (3) it appears from said complaint that defendant purchased in good faith, for value, without notice, a negotiable warehouse receipt for said cotton; (4) under the facts stated in said complaint defendant acquired title to said receipt and said cotton freed, so far as it was concerned, from the lien of said mortgage; and (5) under the Uniform Warehouse Receipts Act, approved September 25, 1915, defendant cannot be held liable as claimed in the complaint.

The demurrers were overruled, and thereupon, defendant declining to plead further, judgment was rendered for plaintiff in the sum sued for, from which judgment defendant prosecutes this appeal. The only assignment of error relates to the action of the court in overruling the demurrers to the complaint.

Harsh, Harsh & Harsh, of Birmingham, for appellant. E. N. Hamill, of Birmingham, for appellee.

GARDNER, J. This cause involves the relative rights of the purchaser, in good faith, for value, without actual notice, of the negotiable receipt given by a public warehouseman in conformity with the Uniform Warehouse Receipts Act, and of the mortgagee of the property (cotton) covered by the receipt; the mortgagee having prior to the giving of the receipt obtained and duly filed and had recorded his mortgage in the office of the probate judge of the county where said cotton was grown and stored. As stated by counsel for appellant in their brief, "No other question, whatever, is involved in this appeal."

[1] Under the provisions of section 3373, Code 1907, the recording of the mortgage operated as a notice of the contents thereof; but it is insisted by appellant's counsel that the act here under review, known as the Uniform Warehouse Receipts Act (Gen. Acts 1915, p. 661), providing for the negotiability of such warehouse receipts, is inconsistent with the registration statutes above referred to, and that the same is therefore repealed, either expressly or by implication. That there is no express repeal is quite clear.

Section 41 of said act reads as follows:

"A person to whom a negotiable receipt has been duly negotiated acquires thereby—(a) Such title to the goods as the person negotiating the receipt to him had or had ability to convey to a purchaser in good faith for value, and also such title to the goods as the depositor or person to whose order the goods were to be delivered by the terms of the receipt had or had ability to convey to a purchaser in good faith for value, and (b) The direct obligation of the warehouseman to hold possession of the goods for him according to the terms of the receipt as fully as if the warehouseman had contracted directly with him."

We think it clear that there is nothing in the language of this section which would justify the construction insisted upon by counsel for appellant. The expression therein "or had ability to convey to a purchaser in good faith for value" clearly means, of course, providing such person was such purchaser in good faith for value. If the purchaser had actual notice, no one, for a moment, would contend that he was a purchaser in good faith. Our registration laws were enacted for the purpose of giving notice, and the mortgage here in question, having been duly recorded, gave the purchaser a constructive notice so as to prevent him from being a purchaser in good faith.

The act here under review has been adopted by 35 states, we are informed, and it is insisted that one of its main purposes was to create a uniformity of law in regard to warehouse receipts, and thus facilitate commerce. Few cases seem to have arisen thereunder, and the diligence of counsel has disclosed no cases involving the question here presented. We are cited to the following authorities as bearing upon the construction of this act: Commercial Bank v. Canal Bank, 239 U. S. 520, 36 Sup. Ct. 194, 60 L. Ed. 417; In re Drauil & Co. (D. C.) 205 Fed. 568; Arbuthnot, Latham & Co. v. Richeimer & Co., 139 La. 797, 72 South. 251; Manufacturing Mercantile Co. v. Monarch Refrigerating Co., 266 Ill. 584, 107 N. E. 885; volume 27, Reports of Am. Bar Ass'n, p. 608; volume 33, Am. Bar Ass'n, p. 1000.

We find nothing in the reports of the American Bar Association supra which in our opinion lends any support to appellant's insistence, and the cases above cited are not at all analogous to the instant case. Indeed, in Commercial Bank v. Canal Bank, supra, the court recognized the familiar rule that one who has no title to chattels cannot transfer the title, unless he has the owner's au-

thority or the owner is estopped, and that, "in the absence of circumstances creating an estoppel, one without title cannot transfer it by the simple device of warehousing the goods and endorsing the receipts." The opinion then proceeds:

"But if the owner of the goods has permitted another to be clothed with apparent ownership through the possession of warehouse receipts, negotiable in form, there is abundant ground for protecting a bona fide purchaser for value to whom the receipts have been negotiated. Pollard v. Reardon, 65 Fed. 848 [13 C. C. A. 171]; Williston on Sales, § 42."

[2] The act contains 61 sections, embracing numerous provisions in regard to warehousemen, the issuance of receipts, their negotiability, and matters of like character, containing, doubtless, many provisions helpful to the commercial world. There is no provision repealing the registration statute of this state, and the same may remain in full force, and not be at all inconsistent with the act here in question. Repeals by implication are not favored by the court, and if it was intended that this act should have the effect as here insisted by appellant, it would have been a very simple matter for it to have been so expressed.

We are not unmindful of the amendments offered in the Senate, providing against any interference with existing liens or mortgages; and which amendments were tabled. Senate Journal 1915, pp. 2826, 2849, 3–4. These amendments, however, made no reference to the question of registration, and are therefore of little value upon the question here involved. As there was nothing in the act to the contrary, it was doubtless considered unnecessary to so incumber the act, which had been passed by so many states in practically the exact language here employed. Uniformity in regard thereto was therefore greatly desired. It is argued that a holding by this court that the registration statute is still in force after the property is stored and receipts issued therefor will destroy the uniformity of the law. We do, not think, however, such will be the result. It may be presumed, of course, that each state has a registration law of similar character to that prevailing here, and we are cited to no authority holding to the contrary of the conclusion we have here reached.

We are therefore of the opinion that the court below properly overruled the demurrers to the complaint, and the judgment will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.